IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03423-REB-MJW

INTERSTATE RESTORATION, LLC,

Plaintiff,

v.

WILSON ASSOCIATES,

Defendant.

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS
(Docket No. 7)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 6)

issued by Judge Robert E. Blackburn on December 24, 2013.

**BACKGROUND**

This matter involves work performed by plaintiff Interstate Restoration, LLC on a

New Jersey building owned by defendant Wilson Associates.  The parties dispute

whether an enforceable written contract exists between them.  The disputed contract

contains a forum selection clause and a consent to personal jurisdiction wherein the

parties agree to arbitrate any disputes in Denver, Colorado.  On August 30, 2013,

defendant filed an action in New Jersey Superior Court seeking a declaratory judgment

as to whether the parties had entered into a contract.   Shortly thereafter, on November

18, 2013, plaintiff filed a Motion to Compel Arbitration (Docket No. 3) in Denver County

2

District Court (since removed to this court).  On November 22, 2013, the New Jersey

court ruled on plaintiff's motion to stay to enforce the contract's arbitration clause.  The

court denied plaintiff's motion to stay and found that the parties had not entered into a

written contract.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendant's Motion to

Dismiss (Docket No. 7).  The court has carefully considered the subject motion (Docket

No. 7), plaintiff's response (Docket No. 14), and defendant's reply (Docket No. 15).  In

addition, the court has taken judicial notice of the court's file, and has considered the

applicable Federal Rules of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law, and

recommendations.

In its Motion to Dismiss, defendant argues that this court does not have personal

jurisdiction over it.  "Jurisdiction to resolve cases on the merits requires . . . authority

over the parties (personal jurisdiction), so that the court's decision will bind them."

Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir. 2000) (quoting Ruhrgas AG v.

Marathon Oil Co., 526 U.S. 574, 577 (1999)).  "In determining whether a federal court

has personal jurisdiction over a defendant, the court must determine (1) whether the

applicable statute potentially confers jurisdiction by authorizing service of process on

the defendant and (2) whether the exercise of jurisdiction comports with due process."

Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks and

citation omitted).

The plaintiff bears the burden of establishing personal jurisdiction over

3

defendants.  See Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1069

(10th Cir. 2008) (citation omitted).  "Where . . . there has been no evidentiary hearing,

and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and

other written material, the plaintiff need only make a prima facie showing that jurisdiction

exists."  Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations

omitted).

## ANALYSIS

In Defendant's Motion to Dismiss (Docket No. 7), defendant argues that it does

not have the minimum contacts within Colorado required to confer personal jurisdiction

over it.

In a diversity action, a federal court has personal jurisdiction over a defendant if

jurisdiction is consistent with the state's long-arm statute and if jurisdiction does not

violate the due process clause of the Fourteenth Amendment.  Benton v. Cameco

Corp., 375 F.3d 1070, 1074–75 (10th Cir. 2004).  The Colorado long-arm statute, Colo.

Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent of the

Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether

jurisdiction offends due process.  See Pro Axess, Inc. v. Orlux Distrib., Inc., 428 F.3d

1270, 1276 (10th Cir. 2005); Archangel Diamond Corp. v. Lukoil, 123 P.3d 1187, 1193

(Colo. 2005).

Personal jurisdiction comports with due process where a defendant has minimum

contacts with the forum state and where those contacts are such that jurisdiction does

not offend "traditional notions of fair play and substantial justice."  Int'l Shoe Co. v.

Wash., 326 U.S. 310, 316 (1945).

4

In support of its motion, defendant relies on three affidavits attached to its motion: (1) an affidavit executed by John Hennessey (Docket No. 7-1), plaintiff's Project Director; (2) an affidavit executed by Robert Wilson (Docket No. 7-2), operator and manager of defendant; and (3) an affidavit executed by Merrill O'Brien (Docket No. 7-3), defendant's New Jersey counsel.  The following facts support defendant's argument that it lacks the required minimum contacts with Colorado.

GPA Holdings, LLC ("GPA") is the sole member of 425 Gotham Parkway LLC ("425 Gotham"), a New Jersey limited liability company.  Wilson Aff. at ¶ 1.  425 Gotham owns the subject building located at 425 Gotham Parkway, Carlstadt, New Jersey.  Id. "Wilson Associates" is a trade name used by 425 Gotham.  Id.  GPA has three members, each of whom are domiciled in New Jersey.  Id. at ¶ 3.  425 Gotham, GPA, and Wilson Associates (collectively "defendant" or "Wilson Associates") do not conduct any business in Colorado, do not own property in the state, and are not registered to do business in Colorado.  Id. at ¶ 2-5.  Defendant's representatives conducted all of their dealings with plaintiff from New Jersey.  Id. at ¶ 22.

In response, plaintiff does not submit any evidence directly contrary to the above facts, and in effect, does not dispute that defendant does not have the required minimum contacts with Colorado.  Rather, plaintiff contends that defendant consented to personal jurisdiction in Colorado pursuant to the forum selection clause contained in the contract.  While plaintiff acknowledges that there is a dispute over whether a contract was actually entered into between the parties, plaintiff argues that it has necessarily established a prime facie case of personal jurisdiction since, at this stage, the factual dispute over the contract must resolved in favor of plaintiff.  See, e.g.,

Archangel Diamond Corp. v. Lukoil, 123 P.3d 1187, 1190 (Colo. 2005) (finding that

when the parties' evidence is conflicting, the court must resolve the conflicts in favor of

the plaintiff, and may not resolve disputed issues of fact against plaintiff without an

evidentiary hearing).

In its reply, defendant argues that this court must give preclusive effect to the

New Jersey court's determination that a written contract did not exist between the

parties, and that consequently defendant has not consented to personal jurisdiction in

Colorado.  As such, defendant contends that the court need only look at defendant's

minimum contacts with Colorado, which plaintiff has conceded are insufficient.

Accordingly, personal jurisdiction hinges on whether the New Jersey court's decision

has any preclusive effect on this court.

Under 28 U.S.C. § 1738, Congress requires that "judicial proceedings . . . [of any

State] shall have the same full faith and credit in every court within the United States . . .

as they have by law or usage in the courts of such State."  The Supreme Court has

interpreted § 1738 to mean that "federal courts [are required] to give preclusive effect to

state-court judgments whenever the courts of the State from which the judgments

emerged would do so."  Allen v. McCurry, 449 U.S. 90, 96 (1980).  "The preclusive

effect of a state court judgment in a subsequent federal lawsuit generally is determined

by the full faith and credit statute, 28 U.S.C. § 1738, which directs a federal court to

refer to the preclusion law of the State in which judgment was rendered."  Sierra Club v.

Two Elk Generation Partners, Ltd. P'ship, 646 F.3d 1258, 1264 (10th Cir. 2011)

(citations and quotations omitted).

"[C]ollateral estoppel, or issue preclusion, bars the relitigation of an issue that

6

has already been addressed in a prior matter, if '(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.'" Bondi v. Citigroup, Inc., 32 A.3d 1158, 1185 (N.J. Super. Ct. App. Div. 2011) (quoting Watkins v. Resorts Int'l Hotels & Casino, Inc., 591 A.2d 592 (N.J. 1991)).

As to the first element, it is clear that the issue to be precluded, i.e., the existence of a contract between the parties, is identical to the issue decided by Judge Lisa Perez Friscia of the Superior Court of New Jersey court.  Judge Friscia found that "defendant failed to set forth 'explicit indications[s]' of the parties' intent to be bound by the terms of the proposed contract" and there was no meeting of the minds between the parties. O'Brien Aff. Ex. D, at 6.  Accordingly, Judge Friscia denied defendant's motion to stay the case pending arbitration in Colorado.  Id.

As to the second element, an issue is actually litigated when it is properly raised by pleadings or otherwise, is submitted for determination, and a decision is rendered. Velasquez v. Franz, 589 A.2d 143, 147 (N.J. 1991) (citing Restatement (Second) of Judgments § 27 comment d (1982)).  Here, both parties briefed the issue (see O'Brien Aff. Ex. B, C) and Judge Friscia issued a decision (see O'Brien Aff. Ex. D).  Accordingly, the issue was actually litigated in the prior proceeding.

As to the third element, defendant simply states in its reply that "the [New Jersey] court rendered a final appealable judgment."  Defendant does not provide any authority

or any evidence to show that the court issued a final judgment on the merits.  Judge

Friscia's order, on its face, would not appear to be a final judgment.  It states that the

"action may proceed in accordance with the trial calendar."  O'Brien Aff. Ex. D, at 6.

However, New Jersey's Uniform Arbitration Act expressly states that the "court

shall decide whether an agreement to arbitrate exists."  N.J.S.A. 2A:23B-6(b).  This is

precisely what Judge Friscia did in her order.  Furthermore, the Uniform Arbitration Act

states that an appeal may be taken from "an order denying a summary action to compel

arbitration."  N.J.S.A. 2A:23B-28(a)(1).  Judge Friscia's order, although addressing a

motion to stay, effectively denied plaintiff's attempt to compel arbitration in Colorado.

The order states that "there are more contacts, and more logistical reasons why the

reasonable value of [plaintiff's] work can and should be determined in this New Jersey

action, than in an arbitration in Colorado, which has no contacts with the work or dispute

at hand."  O'Brien Aff. Ex. D, at 3.

Furthermore, the Supreme Court of New Jersey has stated that "all orders

denying and granting arbitration should be treated as final for purposes of appeal."

GMAC v. Pittella, 17 A.3d 177, 185 (N.J. 2011).  Accordingly, under these

circumstances, the court finds that Judge Friscia's order may be consider a final

judgment on the merits as to the issue before this court.

As to the fourth element, the court finds that the determination of whether a

written contract between the parties existed was essential to Judge Friscia's order.  As

to the fifth element, the court finds that plaintiff was a party to the New Jersey action.

Accordingly, the court finds that all elements of collateral estoppel have been

met, and the doctrine therefore bars the relitigation of whether a written contract exists

8

between the parties.  Because there is no binding arbitration agreement between the

parties, and because defendant does not otherwise have the necessary minimum

contacts in Colorado, the court finds that plaintiff has failed to make a prima face

showing of personal jurisdiction over defendant.  Accordingly, this matter should be

dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(2).


     **WHEREFORE,** for the foregoing reasons, it is hereby

     **RECOMMENDED** that Defendant's Motion to Dismiss (Docket No. 7) be

**GRANTED** and this matter be dismissed without prejudice for lack of personal

jurisdiction.  It is

     **FURTHER RECOMMENDED** that Defendant's Motion to Stay (Docket No. 8) be

**DENIED AS MOOT**.


     **NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives de novo review of the**

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

9

**Makin v. Colo. Dep't of Corr.,** **183 F.3d 1205, 1210 (10th Cir. 1999);** **Talley v. Hesse,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  March 17, 2014                          s/ Michael J. Watanabe
           Denver, Colorado                     Michael J. Watanabe
                                                           United States Magistrate Judge